UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY ANN BARTOLOMEO,

          Plaintiff,          Case Number 24-13190

v.          Honorable David M. Lawson

JAYSON RUMBALL, JODY HALL, PAM PATTERSON, STACEY LAWERENCE, and BRANDON CHARTER TOWNSHIP,

          Defendants.

_____/

## ORDER WITHDRAWING REFERENCE AND DENYING PLAINTIFF'S MOTION FOR EMERGENCY RESTRAINING ORDER AND/OR INJUNCTION

On December 2, 2024, the plaintiff filed her complaint in this Court, alleging violations of her constitutional rights. The case concerns Brandon Township's efforts to enforce its fence height ordinance by requiring that the plaintiff remove her fence from the perimeter of her house. ECF No. 1, PageID.3. From the complaint, it appears the dispute first arose when Brandon Township agents mailed notices to the plaintiff on July 19, 2022 and September 14, 2022 "demanding compliance with the 4-foot fence height ordinance." *Ibid.* Since that time, the parties have been engaged in legal disputes regarding the zoning ordinance and the plaintiff's refusal to comply with it. Most recently, Brandon Township litigated the zoning violation in Michigan's 52-2 district court, resulting in a judgment by default being entered against the plaintiff on December 18, 2024. ECF No. 9, PageID.66.

Currently before the Court is the plaintiff's Motion for Emergency Restraining Order and/or Injunction. ECF No. 9. The plaintiff asserts she is "being threatened with immediate, irreparable damage" to her private property due to the December 18, 2024 judgment entered by Judge Joseph G. Fabrizio in state court. ECF No. 9, PageID.67. The judgment requires the plaintiff to remove the fence from her property on or before January 8, 2025, and states that if she

does not comply with the order, agents of Brandon Township are granted a temporary easement to enter her property in order to take any necessary actions to remove the fence.  ECF No. 9, PageID.68.  Although the plaintiff's emergency motion does not detail precisely what relief she seeks, presumably the plaintiff requests that the Court somehow vacate the state court order or otherwise restrain the defendants from removing the fence from her property.

This case has been referred to Magistrate Judge Anthony P. Patti for full pretrial purposes under in 28 U.S.C. § 636(b)(1)(A)&(B).  ECF No. 10.  Under section 636(b), however, a magistrate judge cannot rule on a motion for injunctive relief, but must instead issue a report and recommendation.  Because Judge Fabrizio's order requires the plaintiff to remove her fence on or before January 8, there is insufficient time for the magistrate judge to issue a report and recommendation, and allow for an objection time period, before the state court order authorizes the defendants to enter the plaintiff's property to remove the fence.  Therefore, the Court will withdraw the referral for the purpose of ruling on the plaintiff's emergency motion.  The referral will be renewed thereafter.

Bartolomeo's motion fails for several reasons.  First, she has not satisfied the requirements for issuing a temporary restraining order under Federal Rule of Civil Procedure 65(b).  The Court may issue a temporary restraining order, sometimes without advance notice to defendants, to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue.  *See First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).  But the Court may enter a temporary restraining order without notice and opportunity to be heard only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

    (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A temporary restraining order is an extraordinary remedy that is generally reserved for emergency situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). The Court may not enter a temporary restraining order without providing notice to an adverse party and an opportunity to respond unless facts attested to in an affidavit or verified complaint "clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). In this case there is no suggestion that the provision of notice will precipitate the alleged harm, since the state court judgment, which Bartolomeo seeks to enjoin, has been issued already.

  Second, the relief Bartolomeo seeks is barred by the Anti-Injunction Act. She asks this Court, in essence, to overturn, or at least to stay the effect, of the 52-2 district court's judgment allowing local officials to enter her property to remove the offending fence. However, the Anti-Injunction Act "generally prohibits the federal courts from interfering with proceedings in the state courts." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 145 (1988). The Court "may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Ibid.* (quoting 28 U.S.C. § 2283). The last clause — the so-called relitigation exception — is tightly circumscribed by the overriding tenets of federalism and may be applied only in the narrowest of circumstances where claims or issues actually have been decided by a federal court. *Smith v. Bayer Corp.*, 564 U.S. 299, 306-07 (2011); *Chick Kam Choo*, 486 U.S. at 148. No such circumstances are alleged here.

Third, Bartolomeo's request to vacate or overrule the state court's judgment calls for relief that is beyond this Court's authority to confer, according to the so-called *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291). "*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), hold that only the Supreme Court may review judgments entered by state courts in civil litigation." *Fowler v. Benson*, 924 F.3d 247, 254 (6th Cir. 2019). The eponymous "doctrine, therefore, bars a lower federal . . . court from reviewing a plaintiff's claim when a state court's judgment is the source of the plaintiff's injury." *Ibid.*

When assessing whether an action is barred by the doctrine, "'[t]he inquiry [must focus on] the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the [federal] district court from asserting jurisdiction. If there is some other source of injury, such as a third-party's actions, then the plaintiff asserts an independent claim.'" *Id.* at 255 (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). "The doctrine . . . does not bar federal jurisdiction 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.' Instead, [it] applies only where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Berry*, 688 F.3d at 298-99.

Bartolomeo's motion is directed to the state district court's judgment that found her in violation of a local fence ordinance and granted the municipality the remedy of entry onto her

property to effectuate removal of the offending structure. That motion challenges the state court's ruling, which fits squarely within the strictures of the *Rooker-Feldman* doctrine. If Bartolomeo wants to contest that judgment, her recourse is an appeal through the state courts, followed by a petition for a writ of certiorari submitted to the United States Supreme Court. A motion to enjoin a state court judgment filed in a federal district court simply is not a remedy available to her.

Accordingly, it is **ORDERED** that the order referring the case to the magistrate judge for pretrial management (ECF No. 10) is **VACATED**.

It is further **ORDERED** that the plaintiff's Motion for Emergency Restraining Order and/or Injunction (ECF No. 9) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 4, 2025